# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR13-3024 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| MENSUR MALIK, | |
| Defendant. | |

On the 31st day of July, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, Max Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 9, 2013, Defendant Mensur Malik was charged by Indictment (docket number 3) with travel for purpose of engaging in illicit sexual conduct (Count 1) and transportation of a minor with intent to engage in criminal sexual activity (Count 2). At the arraignment on July 29, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 30, 2013. The issue before the Court at this time is whether Defendant should be detained pending trial. By agreement of the parties, the evidence was submitted by proffer.

On July 28, 2012, Defendant and Salim Issa, a co-defendant in this matter, traveled from Sioux Falls, South Dakota, to the home of a 13-year-old female in Clear Lake, Iowa. Defendant communicated with the minor female via Facebook, and believed she was 15 or 16 years old. On July 29, 2012, Defendant, Issa, and the minor female drove back to

1

Sioux Falls. On July 30, 2012, law enforcement found Defendant and the minor female in bed together. Defendant admitted to law enforcement that he engaged in sexual activity with the minor female in Clear Lake and Sioux Falls.

According to the pretrial services report, Defendant does not know his date of birth or his age, but he initially reported he was 22 years old, and now believes that he is 19 years old. Defendant was born in Eritrea, Africa, and lived there until he was 8 years old. He then fled to a refugee camp in Ethiopia, Africa, with his grandmother. He lived in Ethiopia for 7 years, and then migrated to the United States with a relative in 2007. When he first arrived in the United States, he lived in Houston, Texas, for several months before relocating to Sioux Falls. He obtained a Green Card in 2010. Defendant has been incarcerated since since July 30, 2012, when he was arrested on state charges stemming from the events associated with the instant federal charges. If released, Defendant told the pretrial services officer that he would reside with his uncle in Sioux Falls.

Defendant's parents are deceased and he has no siblings. He has never been married and has no children. Defendant is currently unemployed. He is in good health and reports no history of mental or emotional health concerns. He also reports no history of alcohol or drug abuse.

On July 30, 2012, Defendant was charged in South Dakota with fourth degree rape, second degree kidnapping (two separate counts), and contributing to the deliquency of a minor. Following the instant federal indictment, Defendant's state charges were dismissed. Defendant has no additional criminal record.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or

without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the

3

defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden

of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with travel for purpose of engaging in illicit sexual conduct. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. On July 28, 2012, Defendant traveled to Clear Lake, Iowa, and engaged in sexual activity with a 13-year-old girl. On July 29, 2012, Defendant and the minor female traveled to Sioux Falls, South Dakota, and once again engaged in sexual activity. In an interview with law enforcement, Defendant admitted engaging in sexual activity with the minor female.

The Court believes that the charges brought against Defendant are very serious and constitute a danger to the community. Defendant traveled several hundred miles to engage in sexual activity with a 13-year-old girl, and then took the minor female back several hundred miles to his residence in Sioux Falls. Defendant has been incarcerated for the past year, and therefore, is unemployed. He does not have a stable residence. He does not appear to have significant ties to the community. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (July 29, 2013) to the filing of this Ruling (July 31, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 31st day of July, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA